UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONNA SETTELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:05 CV 397 |
| | ) |
| WALGREENS CO., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion for summary judgment. (Docket # 13.) Plaintiff filed suit against Walgreens, the defendant in this case, on November 2, 2005, and an amended complaint on December 2, 2005, alleging that she was fired in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). Plaintiff alleges that she was injured on the job while working for defendant and suffered injuries to her back, as well as later complications involving pancreatitis and hepatitis. Plaintiff claims that at some point she went back to Walgreens with a "return-to-work" slip indicating that she was able to perform most or all of the functions required of her previous position. There is some disagreement as to what the "return-to-work" slip and other medical documents actually conveyed, but defendant argues that it interpreted the documentation as indicating that plaintiff was unable to stand for more than 6 hours at a time. Defendant claims that it fired plaintiff because it considers having the ability to stand for possibly 10 hours at a time a job requirement– one that plaintiff could not meet. Plaintiff claims that she was fired because defendant

incorrectly perceived her to possess a substantially limiting disability. In the alternative, plaintiff claims that she was fired in retaliation for exercising her right to pursue worker's compensation.

Defendant now moves for summary judgment on all claims, arguing that plaintiff is not disabled within the meaning of the ADA, and that plaintiff cannot fulfill the requirements necessary to sustain her retaliation claim. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court's function is not to weigh the evidence but merely to determine if "there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court must ask whether "there are genuine factual issues that can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. In assessing whether a genuine issue of material fact exists, the court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001).

*A. ADA Claim*

To prevail on an ADA claim, plaintiff must show that she is disabled within the meaning of the ADA. *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005).

2

She must also show that she is qualified to perform the essential functions of the job (either with or without a reasonable accommodation) and that she suffered from an adverse employment action because of her disability, but the court focuses on the first element because it is the center of this case's dispute. In order for plaintiff to establish a prima facie case that she is disabled, she must show either: (1) that she has a physical or mental impairment that substantially limits her in one or more major life activities; (2) that she has a record of such an impairment; or (3) that her employer regarded her as having such an impairment. 42 U.S.C. § 12102(2). If plaintiff's condition does not meet one of these categories, she is not disabled within the meaning of the Act *even if* she was terminated because of some medical condition. The ADA is not a general protection for medically afflicted persons. *Nese,* 405 F.3d at 641.

Plaintiff does not argue that she was, in fact, disabled under the ADA. Indeed, she spends most of her brief arguing just the opposite– that she was perfectly able to do just about everything, including performing her former job and the tasks that it involved. She has also abandoned any argument that she was fired based on a record of a disability by not addressing the matter in her response brief. *Palmer v. Marion County,* 327 F.3d 588, 597-99 (7th Cir. 2003); *White v. Gerardot,* No. 1:05-CV-382, 2007 WL 541819, at *4 (N.D. Ind. Feb. 15, 2007) (issues not addressed in response to motion for summary judgment are considered abandoned); *Zimmer Tech., Inc. v. Howmedica Osteonics Corp.,* No. 3:02-CV-425 AS, 2007 WL 603043, at *8 (N.D. Ind. Feb. 22, 2007) (same). This leaves plaintiff with only one avenue for establishing that she was "disabled" under the ADA:

3

that defendant *perceived* her as having a disability. This is also known as a "regarded as" claim.

There are two ways for a plaintiff to prove that she was perceived as having a disability. She must prove that either: (1) her employer mistakenly believed that she had a physical impairment that substantially limited a major life activity; or (2) the employer mistakenly believed that an actual, nonlimiting impairment substantially limited a major life activity. *Nese,* 405 F.3d at 641 (citing *Amadio v. Ford Motor Co.,* 238 F.3d 919, 925 (7th Cir.2001)); *see also* 29 C.F.R. § 1630.2(1). In other words, "the employer must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489 (1999).

The first option, that defendant mistakenly believed that plaintiff had a physical impairment, is clearly not implicated in this case because plaintiff does not contest that she did indeed possess some physical impairments. (Pl.'s Stmt. Genuine Issues ¶¶ 3, 7, 8.) Rather, plaintiff's claim rests on the second option– that defendant believed that plaintiff's impairment substantially limited her as to a major life activity, when her impairments were not so limiting. However, plaintiff *admits* in her amended complaint that "Walgreens' employees and agents were aware that Donna was not substantially

4

limited in major life activities." (Am. Compl. ¶ 25.)[1] With this admission, plaintiff has pleaded herself out of court on her ADA claim. She cannot establish that defendant perceived her to have an impairment that substantially limited her as to a major life activity because she, herself, admits that this was not the case.

Because plaintiff is either unable to utilize or has abandoned all routes to establishing her status as a person with a "disability" under the ADA, and therefore cannot meet the first element of her ADA claim, her ADA claim fails as a matter of law.

*B. Retaliation Claim*

Plaintiff also claims that she was fired in retaliation for exercising her rights to file a worker's compensation claim. According to plaintiff, defendant knew of her intention to pursue a worker's compensation claim on September 13, 2004, when her attorney corresponded with Broadspire, the agency designated by defendant to handle

---

[1] Plaintiff also summarily claims in her amended complaint that "Walgreens' employees and agents perceived Donna to be disabled." (Am. Compl. ¶ 26.) However, in accord with the tenant of construction of pleadings that calls for a general statement to be limited by a specific one, plaintiff's specific admission that defendant was aware that plaintiff was not substantially limited as to a major life activity controls. *Merritt & Chapman Derrick & Wrecking Co. v. United States,* 274 U.S. 611, 612 (1927) (citing *United States v. Union Pacific R. Co.,* 169 F. 65, 67 (8th Cir. 1909) ("It is a familiar principle of pleading and one repeatedly recognized by this court that a general averment is always controlled and limited by specific allegations on the same subject-matter.")). Any other reading would render plaintiff's amended complaint not only inherently contradictory, but nonsensical.

such claims. Plaintiff points out that she was then terminated just a few weeks later on October 6, 2004.

Indiana generally adheres to the employment-at-will doctrine, whereby an employment contract is freely terminable at the will of either party. *Pepkowski v. Life of Ind. Ins. Co.,* 535 N.E.2d 1164, 1168 (Ind. 1989). In *Frampton v. Central Indiana Gas Co.,* 297 N.E.2d 425 (Ind. 1973), the Indiana Supreme Court carved out an exception to that rule by recognizing a cause of action for employees discharged in retaliation for filing a worker's compensation claim. Like other retaliation causes of action, plaintiff must establish a prima facie case of retaliation by showing that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. *Purdy v. Wright Tree Serv., Inc.,* 835 N.E. 2d 209, 213 (Ind. Ct. App. 2005); *Parkins v. Civil Constr. of Ill., Inc.,* 163 F.3d 1027, 1038 (7th Cir. 1998) (Title VII). If plaintiff establishes these elements, defendant has the burden to produce a legitimate, nondiscriminatory reason for its actions. Once this reason is produced, plaintiff must prove that the reason is pretextual.

The first two elements of plaintiff's prima facie case are easily met– she did choose to exercise her worker's compensation rights, and she was indeed fired. However, plaintiff must still establish a causal connection between her termination and the filing of her workers' compensation claim. *Goetzke v. Ferro Corp.,* 280 F.3d 766, 774 (7th Cir. 2002). Causation may not be inferred merely from evidence that: (1) the employee filed for benefits, and (2) was fired. *Mack v. Great Dane Trailers,* 308 F.3d 776,

784 (7th Cir. 2002). The plaintiff must submit either direct or indirect evidence to satisfy this burden. *Goetzke,* 280 F.3d at 774. Because direct evidence frequently does not exist in these cases, a party usually must rely on indirect methods of proof. In particular, when considered with other circumstances, the temporal proximity between termination and filing of the worker's compensation claim may satisfy the plaintiff's burden in some cases. *Id.*

Defendant argues that plaintiff cannot establish a causal link because plaintiff did not even file her worker's compensation claim until November 2, 2004, almost one month *after* she was fired on October 6, 2004. However, "even though the *Frampton* Court spoke in terms of retaliation for the filing of a workers' compensation claim, its rationale is broad enough to cover plaintiffs . . . who have at least informed their employer of an intent to file a claim prior to being discharged." *Hudson v. Wal-Mart Stores, Inc.,* 412 F.3d 781, 785-86 (7th Cir. 2005). Plaintiff claims that her attorney, Mr. Etzler, notified defendant via its worker's compensation agent, Broadspire, that Mr. Etzler would be representing plaintiff on September 13, 2004, less than a month before her termination on October 6, 2004. Defendant claims that plaintiff's attorney was not in contact with "Walgreens," but rather with its worker's compensation agents and attorneys. However, a reasonable jury could infer that news of plaintiff's attorney's contact with Walgreens worker's compensation agents and attorneys made its way to management at the facility in which plaintiff worked. *See Hudson,* 412 F.3d at 787.

7

Because it cannot be said with certainty that the termination decision predated defendant's notice of plaintiff's intent to file a worker's compensation claim, the court turns to defendant's contention that it had a legitimate, non-retaliatory reason for discharging plaintiff. Defendant has met this burden by articulating that it fired plaintiff because she was unable to meet the job requirements of her position (i.e. standing for potentially 10 hours per day) based on defendant's reading of the doctor's notes and other medical documentation that it received.

The question, then, is whether plaintiff has set forth sufficient evidence that plaintiff's proferred reason for terminating plaintiff's employment was pretextual. At this point, the presumption of retaliation that plaintiff enjoyed from establishing her prima facie case drops away, and plaintiff must meet her ultimate burden of showing that there is evidence from which a reasonable jury could find that defendant discharged plaintiff solely for exercising a statutorily conferred right. *Nawrot v. CPC Intl.*, 277 F.3d 896, 905-06 (7th Cir. 2002).

Plaintiff argues that her medical records and doctor's notes do not support defendant's stated reasons for firing her based on her physical condition, and that this shows that the decision was a cover-up for the real reason for firing her– retaliation for plaintiff's pursuit of a worker's compensation claim. But this argument makes little sense in the timeline of the decision-making events as set out by plaintiff herself. Plaintiff argues that "[t]he Walgreen's HR team had started on the road of discharging Donna for what they perceived as her impairment regarding standing as early as

8

August 17, 2004." (Pl.'s Resp. 9.) On August 17, 2004, the "safety lead" at plaintiff's facility wrote an email to Joyce Taylor, the Return Center manager, stating:

> In the next couple of weeks, Donna will be scheduled for a Functional Capacity exam, where she should be assigned permanent restrictions. I do not expect to be able to accommodate those restrictions, so her time here is limited.
> - - Alix.

Rather than supporting plaintiff's pretext argument, this evidence goes firmly against it, showing that defendant had made the decision to fire plaintiff based on reasons related to her medical condition on August 17, 2004, nearly a month before it arguably received notice on September 13, 2004, that she intended to file a worker's compensation claim. Plaintiff may have disagreed with these reasons or believed that defendants violated the ADA by acting on them, but such beliefs do not establish that the reasons set forth by defendant were not, in fact, the real reasons for plaintiff's termination and were merely pretextual. In examining retaliatory discharge cases, the court is not to "take on the role of a 'super-personnel department' that reexamines an entity's business decisions; rather, our inquiry is limited to whether the employer gave an honest explanation for its decision." *Purdy*, 835 N.E.2d at 214. In other words, "the issue of pretext does not concern the appropriateness of the reasons offered by the employer for its employment decisions. The court need only address the issue of whether the employer honestly believes in the explanation it offers." *Id.*

Further, under *Frampton* plaintiff must demonstrate that she was discharged "soley" in retaliation for the exercise of her worker's compensation rights. *Frampton,* 297

9

N.E. 2d at 428. The courts of the state of Indiana have interpreted use of the word "solely" in *Frampton* as conveying that "any and all reasons for discharge must be unlawful in order to sustain a claim for retaliatory discharge." *Dale v. J.G. Bowers, Inc.*, 709 N.E.2d 366, 369 (Ind. App. 1999); *Purdy,* 835 N.E. 2d at 212 (same). This rule would allow plaintiff to prevail on her *Frampton* claim if defendant's sole reason for plaintiff's discharge was retaliatory in nature, *or* if defendant had multiple reasons for firing her, all of which were unlawful. *Id.* at 369 n.2. The overwhelming weight of the evidence presented by plaintiff herself suggests that defendant had decided to discharge plaintiff based on her physical limitations far before it received notice of plaintiff's intent to seek worker's compensation, and therefore no reasonably jury could infer that plaintiff was fired solely in retaliation for exercising her rights. Further, the court has already determined that the decision to terminate plaintiff based on her physical limitations did not violate the ADA because plaintiff did not qualify as a person with a disability under the statute. Therefore, the evidence clearly shows that at least one of defendant's reasons for firing plaintiff was lawful. Thus, under the law of the Indiana courts, plaintiff cannot demonstrate that she was fired "solely" in retaliation for the exercise of her worker's compensation rights as *Frampton* and its progeny requires. Accordingly, plaintiff's pretext argument fails, and with it her retaliation claim.

For the foregoing reasons, defendant's motion for summary judgment (docket # 13) is **GRANTED**. The court hereby **CANCELS** all settings herein.  Counsel are

reminded to inform any witnesses scheduled for testimony at trial that they are not to appear. The Clerk is to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Walgreens Co. and against plaintiff Donna Settele, who shall take nothing by way of her complaint.

**SO ORDERED.**

**ENTER:** July 3, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT